UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00067-GNS

AVERY JASPAR CHICK                                                                                            PLAINTIFF

v.

TAYLOR COUNTY FISCAL COURT et al.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 4). The motion is ripe for adjudication.

**I.     BACKGROUND**

On or about April 29, 2023, Plaintiff Avery Jaspar Chick ("Chick") was arrested on criminal charges and detained at the Taylor County Jail. (Compl. ¶¶ 7-8). Chick alleges that during the intake process at the jail, he was verbally harassed and mistreated by two employees identified as Unknown Defendants No. 1 and 2. (Compl. ¶¶ 9-16).

Chick filed this action alleging federal and state law claims against Defendants: Taylor County Fiscal Court ("Fiscal Court"); Taylor County Jailer Hack Marcum ("Marcum");[1] and Unknown Defendants No. 1 and No. 2 in their individual and official capacities. (Compl. ¶¶ 2-

---

[1] Chick does not specify in what capacity Marcum is being sued. The Complaint suggests that Marcum is being sued only in his official capacity as Jailer and fails to provide sufficient notice of any claim being asserted against him in his individual capacity. (Compl. ¶ 3). Accordingly, the Court will construe any claim against Marcum as an official capacity claim. *See Carmack v. Trombley*, 363 F. Supp. 2d 904, 907 (E.D. Mich. 2005) ("This Court must assume that Defendant Trombley is being sued in his official capacity unless the Complaint gives Trombley sufficient notice of being sued in his individual capacity." (citing *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989))).

1

4). Chick has asserted federal claims under 42 U.S.C. § 1983 and 18 U.S.C. § 241, and state law claims of intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). Defendants have moved to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, a court must "accept all the Plaintiff's factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## III. DISCUSSION

### A. Real Party in Interest

As a preliminary matter, Defendants seek dismissal of claims as being duplicative because the real party in interest of the claims against the Fiscal Court and any official capacity claims against Individual Defendants is Taylor County. (Defs.' Mem. Supp. Mot. Dismiss 4-5, DN 4-1). Chick does not address this issue in his response.

It is well-established under Kentucky law that a fiscal court is the legislative body for a county. *See C & H Ent., Inc. v. Jefferson Cnty. Fiscal Ct.*, 169 F.3d 1023, 1024 (6th Cir. 1999) ("In Kentucky, 'fiscal courts' are local legislative bodies that govern counties." (citing KRS 65.410(1))). As a sister court has explained:

> Official-capacity suits " 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." As a result, when a § 1983 complaint asserts a claim against a municipal entity and a municipal official in his or her official capacity, federal courts will dismiss the official-capacity claim.

*Thorpe ex rel. D.T. v. Breathitt Cnty. Bd. of Educ.*, 932 F. Supp. 2d 799, 802 (E.D. Ky. 2013) (internal citations omitted) (citations omitted); *see also Webb v. Jessamine Cnty. Fiscal Ct.*, 802 F. Supp. 2d 870, 887 (E.D. Ky. 2011) ("[B]ecause Plaintiff's claims against the Jessamine County Fiscal Court and the individual defendants in their official capacities allege wrongful operation of the jail, they are claims against the Defendant Jessamine County Fiscal Court and any immunity belonging to the county will also be enjoyed by the individual defendants in their official capacity."). Thus, all official capacity claims asserted in this action against Individual Defendants are actually claims against Taylor County.

In seeking dismissal on this basis, however, Defendants fail to acknowledge that Taylor County is not a defendant in this action, so these claims are not duplicative of a named party even though Taylor County is the real party in interest. *See Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) ("Where the entity is named as a defendant, an official-capacity claim is redundant."); *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 328 (6th Cir. 2013) ("Plaintiffs' claims against Bedell in his official capacity were properly dismissed because they

were in actuality claims against the Township of Waterford, which is itself a defendant."). Accordingly, these claims will not be dismissed on this basis.

### B. Federal Claims[2]

#### 1. *42 U.S.C. § 1983*

In the Complaint, Chick asserts a Section 1983 against the Fiscal Court and Marcum for negligent hiring, training, and supervision. (Compl. ¶¶ 16-20).

To establish municipal liability for a constitutional violation under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "*Monell* is a case about responsibility." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). "The official policy requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* at 479-80 (internal quotation marks omitted). As alleged in the Complaint, Chick seeks to impose liability against the Fiscal Court based on negligent training, supervision, and hiring. (Compl. ¶¶ 16-20).

##### a. Negligent Training & Supervision

As to negligent training and supervision, a plaintiff may show the existence of an illegal policy or custom by showing "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of

---

[2] Chick's response does not address his federal claims.

tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted). Because "[l]iability for unconstitutionally inadequate supervision [] [] is treated, for all intents and purposes, as a failure to train," it will only be addressed as a negligent training claim. *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 943 (M.D. Tenn. 2012).

For a failure to train claim a plaintiff must show: "(1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the [municipality]'s deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury." *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (internal quotation marks omitted) (quoting *Hill v. McIntrye*, 884 F.2d 271, 275 (6th Cir. 1989)). "The inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008) (citation omitted). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). To meet this standard, a plaintiff must ordinarily show "prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005). "A showing of simple or even heightened negligence will not suffice. . . . [T]he risk of a constitutional violation arising as a result of the inadequacies in the municipal policy must be plainly obvious." *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (internal quotation marks omitted) (internal citation omitted) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 411 (1997)).

In the Complaint, Chick has not articulated how the Fiscal Court or Marcum failed to train jail employees or how this training was more than mere negligence as required for a Section 1983 claim. There are no facts alleged relating to prior instances of unconstitutional conduct that would have put the Fiscal Court or Marcum on notice, or that the Fiscal Court or Marcum ignored those instances of unconstitutional conduct as required to show deliberate indifference. Finally, Chick has not made any plausible allegation that a constitutional violation was substantially certain to result from or caused by the negligent training of the Fiscal Court or Marcum. *See Edwards v. Univ. of Dayton*, 142 F. Supp. 3d 605, 608 (S.D. Ohio Sept. 15, 2015) ("It is well settled law that rudeness, '[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.'" (alteration in original) (quoting *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012))). Accordingly, Chick has failed to allege a plausible claim, and the Section 1983 claim based on negligent training or supervision is dismissed.

b. **Negligent Hiring**

For there to be any *Monell* liability against the Fiscal Court or Marcum in his official capacity for negligently hiring Unknown Defendants Nos. 1 and 2, Chick "must show that adequate scrutiny of [the employee's] background would have led a reasonable policymaker to conclude that the plainly obvious consequence of hiring [the employee] would be the deprivation of a constitutional right." *Okolo*, 892 F. Supp. 2d at 943 (citing *Brown*, 520 U.S. at 411). There must also be deliberate indifference by the municipality. *See id.*

Other than alleging that Fiscal Court or Marcum was negligent in failing to exercise ordinary care in hiring Unknown Defendants Nos. 1 and 2, Chick has not made factual allegations to support such a claim based on the standards outlined above. Likewise, there are

6

facts alleged as to deliberate indifference relating to their hiring. Thus, the Fiscal Court and Marcum are entitled to dismissal of this claim.

### 2. *18 U.S.C. § 241*

Defendants also seek dismissal of Chick's claim asserted pursuant to 18 U.S.C. § 241. (Defs.' Mem. Supp. Mot. Dismiss 17-18). This is a criminal statute and does not give rise to a private civil cause of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979))). "Where a statute does not include this sort of explicit 'right– or duty-creating language,' we rarely impute to Congress an intent to create a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 n.3 (2002) (citations omitted). The Sixth Circuit has expressly held 18 U.S.C. § 241 does not create a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (citation omitted). Accordingly, Chick has failed to state a claim under this statute.

.   **C.   State Law Claims**

### 1. *Fiscal Court & Official Capacity Claims*

Defendants seek dismissal of the state law claims against the Fiscal Court and Individual Defendants sued in their official capacities based on sovereign immunity. (Defs.' Mem. Supp. Mot. Dismiss 5-7). As noted above, these claims are actually against Taylor County—the real party in interest. (Defs.' Mem. Supp. Mot. Dismiss 4-5). Chick asserts that Taylor County has waived sovereign immunity to the extent that it has purchased liability insurance. (Pl.'s Resp. Defs.' Mot. Dismiss 1-2, DN 10).

As the Kentucky Supreme Court has explained, "[s]overeign immunity is a bedrock component of the American governmental ideal, and is a holdover from the earliest days of the

Commonwealth, having been brought over from the English common law." *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 799 (Ky. 2009). While sovereign immunity is generally viewed as barring claims against a state, Kentucky's highest court has held that "[a] county being but an arm or branch of the state government, it is no more liable to be sued for the neglect or tort of its officers than the state is for that of those in authority in it. The common law gives no such right, and it, therefore, can only exist by statute." *Downing v. Mason Cnty.*, 8 S.W. 264, 265 (Ky. 1888). Sovereign immunity precludes state law claims for both intentional and unintentional torts. *See Calvert Invs., Inc. v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 805 S.W.2d 133, 139 (Ky. 1991) ("[T]he Kentucky Constitution make[s] no distinction between intentional and unintentional torts. Therefore we are not free to make any such distinction. A wrong is a wrong, whether intentionally or negligently committed, but unless our Constitution is changed the sovereign state cannot be held liable in a court of law for either intentional or unintentional torts committed by its agents.").

While Chick asserts that Taylor County's purchase of liability insurance is a waiver of sovereignty immunity, "[t]he waiver of sovereign immunity is exclusively a legislative matter." *Indep. Bank v. Welch*, 636 S.W.3d 528, 532 (Ky. 2021) (citing *Withers v. Univ. of Ky.*, 939 S.W.2d 340, 344 (Ky. 1997)). A court "will find waiver only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Withers*, 939 S.W.2d at 346 (alteration in original) (internal quotation marks omitted) (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). Contrary to Chick's contention, it is long been established that a county's purchase of liability insurance does not constitute a waiver of sovereign immunity under Kentucky law. *See Ezell v. Christian Cnty.*, 245 F.3d 853, 855 (6th Cir. 2001) ("[T]he Kentucky Supreme Court has held that the purchase of

liability insurance, without more, cannot abrogate a county's sovereign immunity." (citing *Franklin Cnty. v. Malone*, 957 S.W.2d 195, 203 (Ky. 1997))). Accordingly, the state law claims against Taylor County Fiscal Court and Individual Defendants sued in their official capacities are dismissed.[3]

### 2. *Individual Defendants*

Finally, Defendants seek dismissal of the state law claims asserted against Unknown Defendants No. 1 and 2 to the extent they are sued in their individual capacities. (Defs.' Mem. Supp. Mot. Dismiss 12-17).

#### a. IIED

To establish a claim for IIED under Kentucky law:

> 1) the wrongdoer's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citing *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)), *overruled on other grounds by Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014). To state a claim, the alleged conduct must be "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Craft v. Rice*, 671 S.W.2d 247, 250 (Ky. 1984). The actions taken by the defendant must have been alleged to have "been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Seitz*, 796 S.W.2d at 3 (quoting Restatement (Second) of Torts § 46 cmt. d).

---

[3] In his response, Chick asserts that qualified official immunity does not bar his individual capacity claims against Individual Defendants, but Defendants did not raise that defense in their motion. (Pl.'s Resp. Defs.' Mot. Dismiss 2-4).

In the Complaint, Chick merely makes a formulaic recitation of the elements of an IIED claim without sufficient detail. (Compl. ¶¶ 21-23). This claim is asserted against all Defendants, and the Complaint fails to specifically allege how each Defendant acted intentionally or recklessly to support such a claim for outrageous conduct. Accordingly, Chick has failed to state an IIED claim as a matter of law, and this claim is dismissed.

### b. NIED

For an NIED claim, a plaintiff must allege the elements of a standard negligence claim, which include a duty, breach, causation, and damages, as well as a "severe emotional injury." *Savidge v. Pharm-Save, Inc.*, No. 3:17-CV-00186-TBR, 2017 WL 5986972, at *11 (W.D. Ky. Dec. 1, 2017) (citing *Osborne v. Keeney*, 399 S.W.3d 1, 17-18 (Ky. 2012)). "[A] mere formulaic recitation of an element of a cause of action is insufficient to state a claim without accompanying factual allegations." *Id.* at *10 (citing *Alioto v. Advantage Assocs., Inc.*, No. 10-14-C, 2011 WL 4435681, at *3 (W.D. Ky. Sept. 22, 2011)); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

While Chick claims that Unknown Defendants No. 1 and 2 were negligent, he has failed to allege the essential elements of NIED against either one, in particular any specific factual allegation showing several emotional injury. (Compl. ¶¶ 24-27). Because Chick has failed to plausibly state an NIED claim, this claim fails as a matter of law and is dismissed.

## IV.      CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss (DN 4) is **GRANTED**. Plaintiff's claim under 18 U.S.C. § 241 is **DISMISSED WITH PREJUDICE**, and Plaintiff's claims under 42 U.S.C. § 1983 and state law are **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

January 31, 2025

cc:    counsel of record

11